```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:09CV278-MU-02
```

ROGER YOUNG, a.k.a.         )
  "Roger D. Young" and      )
  "Roger Dean Young,"       )
     Plaintiff,             )
                            )
       v.                   )
                            )
ROBERT C. LOUIS, Director   )
  Of Prisons;               )
DAVID MITCHELL, Superin-    )           O R D E R
  tendent of Mountain       )
  View Correctional In-     )
  stitution[1];             )
KEVIN BENFIELD, Unit        )
  Manager at MVCI;          )
MARY COLVIN, Case Mana-     )
  ger at MVCI; and          )
VICKY SELLERS, Sergeant     )
  at MVCI,                  )
     Defendants.            )
_____)

**THIS MATTER** comes before the Court on Plaintiff's Complaint brought against the above-listed Defendants pursuant to 42 U.S.C. §§ 1983 and 1985, filed July 22, 2009. For the reasons stated herein, Plaintiff's Complaint must be dismissed -- albeit without prejudice.

Court records reflect that Plaintiff is no stranger to the

---

[1]Mountain View Correctional Institution hereafter will be referred to as "MVCI."

federal civil litigation process.  Indeed, since the time of his initial incarceration in 1974, he has filed more than 10 civil actions in the United States District Courts for the Eastern and Western Districts of North Carolina.  Notably, however, Plaintiff has never prevailed or otherwise been awarded any relief in any of those proceedings.

Pertinent here, on September 23, 1992, Plaintiff, proceeding as a pauper, filed a civil rights action in the Eastern District of North Carolina which was dismissed due to his failure to prosecute that matter, that is, his failure to comply with the Court's directive that he pre-pay a partial filing fee of $87.00. See Young v. Hester, et al., 5:92ct644-BO.  On November 17, 1993, Plaintiff, proceeding as a pauper, filed another civil rights action which was dismissed, partially due to frivolity and partially based upon the Court's award of summary judgment to the defendants.  See Young v. Hester, et al., 5:93ct717-F.  Next, on June 6, 1994, Plaintiff, proceeding as a pauper, filed another civil rights action which was dismissed as meritless and frivolous.  See Young v. Hester, et al., 5:94ct400-H.  On September 7, 1994, Plaintiff, proceeding as a pauper, filed another civil rights action which was dismissed as frivolous.  See Young v. Hunt, et al., 5:94ct693-BO.  On September 13, 1994, Plaintiff, proceeding as a pauper, filed yet another civil rights action which was dismissed for its failure to state a claim for relief.

See <u>Young v. Spicer</u>, et al., 1:94CV173-MU. Then, on May 28, 1996, Plaintiff, proceeding as a pauper, filed another civil rights action which also was dismissed as entirely frivolous. <u>See</u> <u>Young v. Jenkins et al.</u>, 3:96CV199-MU.

In the instant case, Plaintiff is seeking to proceed as a pauper with his action alleging that Defendants conspired to violate several of his constitutional rights. However, Title 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [without prepayment of the fees associated therewith] if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the ground that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In light of the foregoing, the Court has determined that Plaintiff is not entitled to proceed as a pauper with this action as he has sustained at least three dismissals for frivolity and/or failure to state a claim for relief, and he has not other- satisfied the exception set forth in § 1915(g). Therefore, the instant action must be <u>dismissed</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's action is **DISMISSED** without prejudice to his right to pay the $350.00

3

filing fee and file his case anew.

**SO ORDERED.**

Signed: July 23, 2009

Graham C. Mullen
United States District Judge